IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| DELTA-T CORPORATION, )<br>)<br>PLAINTIFF, )<br>)<br>v. )<br>)<br>PACIFIC ETHANOL, INC., )<br>)<br>DEFENDANT. ) | Civil Action No. 3:09CV388-JRS |

**DEFENDANT'S BRIEF IN SUPPORT OF
MOTION TO DISMISS AND ALTERNATIVE
MOTION TO STAY ACTION PENDING ARBITRATION**

Defendant Pacific Ethanol, Inc. ("PEI"), by counsel, submits this brief (pursuant to Local Rule 7(F)) in support of its motion asking this Court to enter an Order dismissing (or, in the alternative, staying) this action pursuant to the Federal Arbitration Act, 9 U.S.C. § 1, *et seq.*[1]

## I. Procedural Background

The instant action is directly related – and practically identical – to a case that was dismissed by this Court over one year ago. *See Delta-T Corporation v. Pacific Ethanol, Inc., et al.*, Civil Action No. 3:08CV524 (hereafter, "Case 524"). Case 524 was dismissed, and arbitration was compelled, for the reasons set forth in this Court's Memorandum Opinion and Final Order filed and entered on January 7, 2009.

Christopher Wright is the Vice President, General Counsel and Secretary of PEI. *See* ¶ 1 of Exhibit 1 attached to PEI's "Brief In Support Of Defendant's Motion To Extend Time To File Response To Complaint" (Document 6, filed this date),[2] the Declaration of Christopher Wright ("Wright Decl."). Mr. Wright is also the Vice President, General Counsel and Secretary of PEI's

---

[1] A good faith, but unsuccessful, effort to avoid the filing of the motion has been made by counsel.

[2] The Declaration of Mr. Wright and the Exhibits thereto (Document 6, Parts 2-13) are herein adopted and incorporated by reference.

subsidiaries Pacific Ethanol Stockton, LLC, Pacific Ethanol Imperial, LLC, Pacific Ethanol Columbia, LLC, Pacific Ethanol Magic Valley, LLC, and Pacific Ethanol Madera, LLC (together with PEI, the "PEI Companies"). *Id.*

After the Court dismissed Case 524 and compelled arbitration in accordance with the Engineering, Procurement and Technology Agreements ("EPT's") that form the basis of Delta-T's claims in both the instant action and Case 524, the PEI Companies received Delta-T's Demand for Arbitration. Wright Decl. ¶ 2. On January 27, 2009, Tonkon Torp LLP notified the American Arbitration Association ("AAA") that Tonkon Torp LLP would represent the PEI Companies in the arbitration. Wright Decl. ¶ 3.

On February 6, 2009, AAA held a case conference attended by counsel for Delta-T and the PEI Companies, at which it was decided, among other things, that the arbitration would be heard by a single arbitrator in either San Francisco or Los Angeles. Wright Decl. ¶ 4. A copy of AAA's letter summarizing the results of the case conference is attached to the Wright Decl. as Exhibit C. *See* Wright Decl. ¶ 4. Subsequent to that date, the PEI Companies' counsel continued to confer with Delta-T's counsel regarding preliminary matters, including the location of the arbitration proceedings, the applicable rules governing discovery, and the selection of arbitrators. *Id.* On March 17, 2009, an arbitrator was named. *Id.* A copy of AAA's Notice of Appointment is attached to the Wright Decl. as Exhibit D. *See* Wright Decl. ¶ 4.

On May 17, 2009, Pacific Ethanol Stockton, LLC, Pacific Ethanol Columbia, LLC, Pacific Ethanol Magic Valley, LLC, and Pacific Ethanol Madera, LLC, (the "Bankrupt Subsidiaries") filed petitions for relief under 11 U.S.C. § 101 et, seq. (the "Bankruptcy Code") in the United States Bankruptcy Court in Wilmington, Delaware. Wright Decl. ¶ 5. PEI did not file a bankruptcy petition and continued its efforts, which continue to the present moment, to

reorganize outside of bankruptcy. *Id.* As a consequence of the filing by the Bankrupt Subsidiaries, all proceedings against them were stayed before a preliminary hearing could be held in the arbitration. *Id.* Delta-T was notified of the effects of the automatic stay pursuant to section 362 of the Bankruptcy Code by letter from Cooley Godward Kronish dated May 26, 2009, a copy of which is attached to the Wright Decl. as Exhibit E. *See* Wright Decl. ¶ 5.

On June 10, 2009, AAA notified the parties to the arbitration that AAA would suspend its administration of the matter, and that all claims involving the PEI Companies would be held in abeyance pending further direction from the bankruptcy court. Wright Decl. ¶ 6. A copy of AAA's letter to that effect is attached to the Wright Decl. as Exhibit F. *See* Wright Decl. ¶ 6.

On June 19, 2009, Delta-T filed the instant case, seeking to prosecute its claims against PEI alone, notwithstanding the court's prior order compelling arbitration and the stay of proceedings against the Bankrupt Subsidiaries. Wright Decl. ¶ 7. Remarkably, in spite of Delta-T's apparent receipt AAA's June 10, 2009, letter, the Complaint in this action – which was filed over a full week after AAA issued is abeyance notice – fails to mention that AAA was holding the matter in abeyance.

Perhaps even more remarkably, in the Complaint, Delta-T seeks to justify re-filing its already once-dismissed identical causes of action against PEI by painting PEI as somehow being dilatory with regard to the court-ordered arbitration. *See* Complaint ¶¶ 31-36. Yet, as the facts show, by the time Delta-T filed its Complaint on June 19, 2009, the AAA had already – on June 10, 2009 – placed the arbitration in abeyance on account of the automatic bankruptcy stay. The AAA's June 10 letter nowhere mentions or remotely suggests that the arbitration process had stopped "[a]s a result" (as is clearly alleged in ¶ 36 of the Complaint) of any failure of PEI.

In any event, on July 15, 2009, the Bankrupt Subsidiaries filed an Adversary Proceeding

Complaint against Delta-T with the bankruptcy court seeking to stay the instant case, as well as a number of other lawsuits that Delta-T had commenced against PEI and certain PEI subsidiaries in Minnesota and California. Wright Decl. ¶ 8. A copy of the Adversary Proceeding Complaint is attached to the Wright Decl. as Exhibit G. *See* Wright Decl. ¶ 8.

On August 6, 2009, the bankruptcy court granted the Bankrupt Subsidiaries' motion for preliminary injunctive relief, ordering that the instant action be stayed until September 21, 2009, and ordering the parties to mediation. Wright Decl. ¶ 9. A copy of the Order is attached to the Wright Decl. as Exhibit H. *See* Wright Decl. ¶ 9.

Delta-T, PEI and the Bankrupt Subsidiaries participated in a mediation on September 10, 2009, pursuant to which Delta-T agreed to release all claims against the Bankrupt Subsidiaries, and to continuation of the stay of the instant action through December 31, 2009. Wright Decl. ¶ 10. A copy of the bankruptcy court Order dated September 21, 2009, approving the parties' stipulated settlement is attached hereto as Exhibit I. *See* Wright Decl. ¶ 10. The stay of the instant action expired on December 31, 2009, as provided in the Order. *Id.*

In January 2010, PEI personnel heard rumors that Delta-T was going out of business. Wright Decl. ¶ 11. On January 21, 2009, PEI received notice of the sale at auction of all of Delta-T's assets, scheduled for January 29. 2010. *Id.* A copy of the notice is attached to the Wright Decl. as Exhibit J. *See* Wright Decl. ¶ 11. PEI subsequently observed a notice on Delta-T's website stating: "On January 29, 2010 Delta-T Corporation ceased all operations and the assets, including the Delta-T Technology, were acquired at public auction by Applied Process Technology International, LLC." Wright Decl. ¶ 11.

Because Delta-T's claims against PEI are weaker than the claims against the Bankrupt Subsidiaries, which claims Delta-T had previously abandoned as a result of the mediation, and

because Delta-T appeared to be a defunct entity, PEI concluded that Delta-T had abandoned or would abandon the instant litigation. *Id.*

Ultimately, AAA closed its file on August 24, 2009, as shown by the copy of AAA's letter attached to the Wright Decl. as Exhibit K. *See* Wright Decl. ¶ 12. Delta-T has not raised the subject of arbitration with PEI since AAA dismissed the arbitration. *Id.*

As a consequence, and given all of the history set forth in the Wright Decl., PEI did not respond to the Complaint until it received notice from counsel for Delta-T on February 26, 2010, that Delta-T intended to file a motion for default judgment. Wright Decl. ¶ 13. Having received this notice which clearly indicates that Delta-T has not abandoned this litigation, PEI promptly contacted Virginia counsel on February 26, 2010, and is filing its response to the Complaint on the very first business day after receiving notice from Delta-T. *Id.*

## II. **Argument**

There can be no doubt that the causes of action asserted against PEI in the Complaint are **the exact same** causes of action that were asserted against PEI in the Complaint filed in Case 524. The one material difference in the two cases is that the present case has been brought solely against PEI, while Case 524 was brought against PEI and several of its subsidiaries. Additional exceptions are the "new" facts pertaining to Case 524, this Court's January 7, 2009, ruling in that case, and the alleged dilatory behavior of PEI with regard to the court-ordered arbitration. *See* Complaint ¶¶ 31-36. Otherwise, and with modest exceptions regarding dates and amounts allegedly owed as of the filing of Delta-T's second Complaint, both the facts and causes of actions pleaded by Delta-T against PEI in the instant case are the same as the facts and causes of action pleaded in Case 524.

Accordingly, PEI herein adopts and incorporates by reference the points and authorities (including the testimony appearing in the Declarations of PEI's witnesses) that were submitted to the Court by PEI in Case 524. Moreover, the analysis applied by the Court in its January 7, 2009, Memorandum Opinion is equally applicable to the instant case. In its thorough opinion, the Court addressed the several "EPT Agreements," as well as the so-called "Term Sheet" and "Letter Agreement." In each instance, the Court found that arbitration of Delta-T's claims was mandatory. Mem. Op. 17-18. In short, there is no reason whatsoever in the instant action to disturb the Court's conclusion in Case 524 that the claims asserted by Delta-T are subject to a binding and valid agreement to arbitrate.[3] *Id.* at 18. Therefore, there is also no reason not to (once again) order Delta-T to submit its claims to arbitration pursuant to Article 18.1 and 18.2 of the parties EPT Agreements. *See id.*

### III. Conclusion

WHEREFORE, and by reason of the foregoing, PEI respectfully requests that the Court enter an Order compelling the parties to arbitration and dismissing this case under the Federal Arbitration Act, 9 U.S.C. § 3. In the alternative, PEI respectfully requests that the Court enter an order compelling the parties to arbitration and staying this case pending the outcome of arbitration.

DATED: March 1, 2010            Respectfully submitted,

PACIFIC ETHANOL, INC.

By Counsel

---

[3] *Cf. Williamsburg Wax Museum, Inc. v. Historic Figures, Inc.*, 810 F.2d 243, 250, 258, U.S. App. D.C. 124, 131 (D.C. Cir. 1987) ("a legal decision made at one stage of litigation, unchallenged in a subsequent appeal when the opportunity to do so existed, becomes the law of the case for future stages of the same litigation").

/s/ L. Lee Byrd
L. Lee Byrd (V.S.B. No. 28662)
Sands Anderson PC
801 East Main Street, Suite 1800
P.O. Box 1998
Richmond, Virginia 23218-1998
Telephone: (804) 783-7220
Facsimile: (804) 783-7291
E-mail: lbyrd@sandsanderson.com
*Counsel for Pacific Ethanol, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on March 1, 2010, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to:

Jerrell E. Williams, Esquire
Vandeventer Black LLP
Eighth & Main Building
Suite 1700
P.O. Box 23218-0558
Richmond, Virginia 23
Telephone: (804) 237-8800
Facsimile: (804) 237-8801
E-mail: jwilliams@vanblk.com
*Counsel for Delta-T Corporation*

/s/ L. Lee Byrd
L. Lee Byrd [VSB # 28662]
Sands Anderson PC
801 East Main Street, Suite 1800
P. O. Box 1998
Richmond, Virginia 23218-1998
Telephone: (804) 783-7220
Facsimile: (804) 783-7291
E-mail:lbyrd@sandsanderson.com
*Counsel for Pacific Ethanol, Inc.*